LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10899 GAF (SHx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | Edmund Smith v. US Bank National Association et al | | |

Present: The Honorable **GARY ALLEN FEESS**

| Renee Fisher | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** **(In Chambers)**

### ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION

On December 21, 2012, Plaintiff Edmund Smith, pro se, brought suit in this Court against Defendants U.S. Bank N.A. ("U.S. Bank"), Litton Loan Servicing LLC ("Litton"), Ocwen Financial Corporation ("Ocwen"), and Ocwen Loan Servicing, LLC ("Ocwen LLC") (collectively "Defendants"). (Docket No. 1, [Compl.].) Plaintiff asserts numerous state law claims against Defendants, invoking this Court's subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). (See id. ¶ 1.) However, the Court cannot presently conclude that jurisdiction exists on the basis of diversity of citizenship. Accordingly, Plaintiff is **ORDERED to show cause** why the Court should not dismiss this action for lack of subject matter jurisdiction. The Court notes that it is in receipt of Plaintiff's request for notice of lis pendens. (Docket No. 3.) However, the Court must defer on Plaintiff's request until the Court can conclude that jurisdiction exists on the basis of diversity of citizenship.

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). "[A]n LLC is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10899 GAF (SHx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | Edmund Smith v. US Bank National Association et al | | |

citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Regarding Plaintiff's citizenship, Plaintiff states that he "resides and owns subject property" in Compton, California. (Compl. ¶ 3.) However, under the legal standard noted above, Plaintiff must allege the state in which he is domiciled. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter, 265 F.3d at 857. Regarding U.S. Bank's citizenship, Plaintiff states that U.S. Bank is located in West Palm Beach, California. (Compl. ¶ 4.) Plaintiff provided the zip code for West Palm Beach, Florida, which is what Plaintiff presumably meant. In any event, U.S. Bank is alleged to be a national banking association. Plaintiff must allege the state of U.S. Bank's main office, which is set forth in U.S. Bank's articles of incorporation. From the face of Plaintiff's current allegation, it is unclear whether Plaintiff intended to plead main office. Regarding Litton's citizenship, Plaintiff provides only the address. (Compl. ¶ 5.) However, Litton is alleged to be an LLC, which is a limited liability company. As stated above, an LLC is a citizen of every state in which its owners/members are citizens. Regarding Ocwen's citizenship, Plaintiff provides a "[p]rincipal address" and an "[o]ther address." (Id. ¶ 6.) Plaintiff also provides the name and address of two of Ocwen's directors, and the name and address of Ocwen's registered agent for service of process. (Id. ¶¶ 7-9.) However Ocwen is alleged to be a corporation. Plaintiff must provide both the state in which Ocwen is incorporated and the state where it has its principal place of business. Regarding Ocwen LLC's citizenship, Plaintiff provides Ocwen LLC's address and a number of P.O. Boxes. (Compl. ¶ 10.) However, Ocwen LLC is alleged to be an LLC. As noted previously, for an LLC, Plaintiff must provide the state of which each of Ocwen LLC's owners/members are citizens.

In order to assist Plaintiff, a pro se, in responding to this order to show cause, the Court provides here the information for the Federal Pro Se Clinic. The Federal Pro Se Clinic is Los Angeles is located in:

The United States Courthouse
312 N. Spring Street, Room 525, 5th Floor
Los Angeles, CA 90012

and can be reached at 213-385-2977, Ext. 270. Plaintiff is urged to check the website or call for available hours.

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10899 GAF (SHx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | Edmund Smith v. US Bank National Association et al | | |

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Monday, February 4, 2013**, as to why the Court should not dismiss this action for lack of subject matter jurisdiction. **Failure to respond by this deadline will be deemed consent to dismissal.**

**IT IS SO ORDERED.**